FILED ___ ENTERED
LOGGED ___ RECEIVED

JUN 0 4 2017

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE SUBJECT ELECTRONIC DEVICE LISTED IN ATTACHMENT A | Case No. __18 - 1 4 4 7 - ADC__ |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Deportation Officer (DO) David Oaks, Immigration and Customs Enforcement (ICE), being duly sworn, deposes and states as follows:

1. This is an Affidavit in support of a search warrant authorizing the search of a Samsung Galaxy S8+ phone, identified in Attachment A, hereinafter referred to as "SED" (Subject Electronic Device). As detailed further below, the device was found on Francisco GUERRERO-ROCHA on April 11, 2018 at the time of his arrest. The SED is currently in the custody of ICE in Baltimore, Maryland.

2. The applied-for warrant would authorize the forensic examination of the SED for the purpose of identifying electronically stored data particularly described in Attachment B.

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only the facts I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of criminal activity, to wit, reentry after deportation, 8 U.S.C. §1326. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The facts in this Affidavit come from my personal observations, my training and experience, my review of documents and other evidence, and information obtained from other agents and witnesses.

1



4. I have been a Deportation Officer at ICE, Department of Homeland Security in Baltimore, Maryland since 2012. I am a graduate of the U.S. Immigration and Customs Enforcement Academy, Detention and Removal Operations Basic Law Enforcement Training Program. I am currently assigned to the Violent Criminal Aliens Section within the High Intensity Operations Unit for ICE Enforcement and Removal Operations in the Baltimore Field Office and have completed numerous immigration investigations to include Reentry After Removal, Failure to Register as a Sex Offender, and Possession of Fraudulent Documents.

5. I have conducted physical surveillance, performed both administrative and criminal arrests, executed search and arrest warrants, and secured other relevant information using other investigative techniques. I have investigated numerous cases involving those who have reentered the United States after deportation. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

6. Based on my training and experience, the cell phone of a given person will contain information in the form of photographs, text messages, phone calls, and emails regarding their identity, whereabouts, place of work, and travel. In the case of illegal immigrants, it is my experience that communications with relatives in the home country about travel to and from the United States, photographs establishing presence in the home country and travel to and from the United States, and contact numbers of friends, family members, and smugglers are often found in cell phones.

## PROBABLE CAUSE

7. In April 2018, a confidential source provided information to law enforcement that a male citizen of Mexico who had multiple felony convictions and had been previously deported

to Mexico was in the United States illegally. An investigation was conducted in order to locate the subject and to identify and contact his employer, Pioneer Contracting.

8. On or about April 11, 2018, I and other deportation officers encountered GUERRERO-ROCHA as he pulled into his place of work at the Pioneer Contracting offices near 510 McCormick Drive in Glen Burnie, Maryland. GUERRERO-ROCHA was known to drive a grey Toyota Tundra truck with work equipment in the bed. When the truck drove into the business complex, we initiated a vehicle stop. The driver identified himself as Francisco GUERRERO-ROCHA. GUERRERO-ROCHA was placed in restraints and patted down for safety purposes. The SED was on GUERRERO-ROCHA's person at the time he was taken into custody. At the time of apprehension, the subject was read his Miranda rights in Spanish and explained that he would be transported to Baltimore for immigration processing. GUERRERO-ROCHA was taken into custody and transported to the Baltimore ICE ERO Field Office without incident.

9. Upon arriving at the Baltimore Field Office, the subject's property was placed in a property bag. The property included the SED. ICE processed GUERRERO-ROCHA for reinstatement of prior order of removal. The subject was fingerprinted and biometrically matched to the immigration record corresponding to Alien file No. 043 494 489.

10. Under A# 043 494 489, GUERRERO-ROCHA was previously encountered by immigration on three occasions. During each of these encounters the subject was fingerprinted and thus the records are linked to him via his fingerprint records.

11. On April 24, 1991, GUERRERO-ROCHA was encountered by immigration authorities at the Anne Arundel County Detention Center. GUERRERO-ROCHA was assigned his first alien number (A# 070 505 451) at that time. The subject had been arrested on local charges of Assault and Battery. GUERRERO-ROCHA was released on an immigration bond on April 30,

1991. It appears the subject was later admitted to the U.S. on April 3, 1992 as a permanent resident under a separate alien number (A# 043 494 489). Though the subject was granted voluntary departure under his first A# (A# 070 505 451), he was now a permanent resident under the second A#, thus he was lawfully in the United States as of April 3, 1992.

12. On March 7, 2000, GUERRERO-ROCHA was encountered by immigration authorities based upon an immigration sanctions against his then-employer. The subject was arrested by immigration officers at his residence. Subsequently the subject was served with a Notice to Appear before an Immigration Judge in Baltimore, Maryland. The subject bonded out of immigration custody on March 13, 2000. On September 27, 2000, an Immigration Judge ordered the subject removed to Mexico. GUERRERO-ROCHA later appealed the decision, but the Board of Immigration Appeals affirmed the removal order on July 11, 2001.

13. On November 20, 2006, GUERRERO-ROCHA was encountered by ICE officers in Upper Marlboro, Maryland and taken into custody due to his outstanding order of removal. The subject was subsequently removed to Mexico on November 29, 2006.

14. After his immigration processing on April 11, 2018, GUERRERO-ROCHA was read and explained his Miranda rights again with the assistance of a Spanish interpreter. The subject indicated that he understood his rights and wished to waive his right to have an attorney present for questioning. GUERRERO-ROCHA signed a waiver of his rights and went on to answer questions and sign a statement of his answers to the questions. The statement detailed his previous encounters with immigration, his deportation, and his criminal record. The subject told officers in the sworn statement that his Lawful Permanent Resident status was taken away because of his felony convictions and that he was deported in 2006.

15. According to law enforcement records, GUERRERO ROCHA was convicted of Battery on October 26, 1992 (sentence: 1 year, 305 days suspended), of another count of Battery on 10/26/1992 (sentence: 1 year, all suspended), and Assault on 3/16/1993 (sentence: 1 year, with 11 months and 20 days suspended). All of the convictions were out of Anne Arundel County, Maryland. The subject also has multiple other arrests from Anne Arundel County, Maryland. The charges include alcoholic beverage- intoxicated, Maim: Assault; Beat with Intent to. Battery (x 2), Theft Under $300, Driving on Revoked License, Disorderly Conduct and Fail to Obey Reasonable and Lawful Order. GUERRERO ROCHA's record further reflects that on March 11, 1998 he was charged with Rape 2nd Degree, Sex Offense 3rd Degree, and 4th Degree Child Abuse but the disposition is unknown. Also, in 2017, GUERRERO ROCHA was extensively investigated in 2017 for Sex Abuse of a Minor (14-year-old victim) in Anne Arundel County, but no charges were filed because, according to the investigator's reports, the victim's "family" did not "cooperate."

16. GUERRERO-ROCHA also told officers that he had been back in the United States since sometime during the year 2007.

17. According to Pioneer Contracting, GUERRERO-ROCHA worked there for "years" based on a green card in his name.

18. Accordingly, there is probable cause to believe that evidence will be found from an analysis of the cellular device recovered from GUERRERO-ROCHA of the crime of illegal reentry after removal/deportation. In particular, it is likely that the SED will provide information about how, when and where GUERRERO-ROCHA re-entered the United States, any identity information and identification cards he may have used to work in the United States, and when he arrived and remained unlawfully in the state of Maryland.

## CONCLUSION

19. Based upon the information set forth in this affidavit, I believe that sufficient probable cause exists to believe that in the SED, there is evidence of criminal activity, to wit, reentry after deportation.

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the SED, and authorize the search and the seizure of the items described in Attachment A, according to the protocols set forth in Attachment B where applicable, which constitute fruits, evidence and instrumentalities of violation of 8 U.S.C. § 1326 reentry after deportation.

David V. Oaks
Deportation Officer
Immigration and Customs Enforcement

Sworn to before me this 16th day of May 2018.

The Honorable A. David Copperthite
United States Magistrate Judge

## ATTACHMENT A-- DESCRIPTION OF LOCATIONS/DEVICES TO BE SEARCHED

**A)** A black Samsung Galaxy S8+, FCC ID: A3LSMG955U; SKU: SPHG966UBLK; IMEI: 352805090506102



7

## ATTACHMENT B

All records, documents, information and photographs contained in the Subject Electronic Device described in Attachment A which constitute evidence of

1. Email accounts/messages/user information containing information regarding illegal entry/reentry and unlawful presence in the United States.

2. Password information for the Subject Electronic Device.

3. Social networking information regarding illegal immigration and unlawful presence in the United States.

4. Any and all lists of names, telephone numbers, and addresses related to GUERRERO-ROCHA's unlawful reentry and presence in the United States to include information regarding his citizenship, birthplace and identity.

5. Any and all records relating to the rental of hotel rooms, vehicles, or other locations and/or modes of transportation/travel used in furtherance of or during the illegal entry/reentry and unlawful presence of GUERRERO-ROCHA in the United States and the state of Maryland.

6. Any and all records, showing dominion, ownership, custody, or control over the Subject Electronic Device listed in Attachment A.

7. Tax information, work authorization, identity information including the use of the Social Security number and name of GUERRERO-ROCHA.

8. Any information regarding the two different Alien numbers used by or assigned to GUERRERO-ROCHA.

9. Any information related to the green card or any other work authorization document in GUERRERO-ROCHA's name.

10. Any notes, documents, records, or correspondence, in any format or medium concerning communications between individuals about illegal immigration and GUERRERO-ROCHA, including any and all correspondence, to include emails, chat and/or text messages.

11. The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

    i. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

      ii.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

      iii.     "scanning" storage areas to discover and possible recover recently deleted files;

      iv.     "scanning" storage areas for deliberately hidden files; or

      v.      performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

12. If after performing these procedures, the directories, files or storage areas do not reveal evidence of immigration violations to include illegal reentry into the United States, the further search of that particular directory, file or storage area, shall cease.